**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
BRIAN N. GILBERT,             :
                              :  Civil Action No. 06-25 (FSH)
            Plaintiff,        :
                              :
      v.                      :       O P I N I O N
                              :
CITY OF PATERSON and LISA     :
BARRETT,                      :
                              :
            Defendants.       :
_____:

**APPEARANCES:**

    Brian N. Gilbert, *Pro Se*
    Passaic County Jail
    11205
    11 Marshall Street
    Paterson, NJ 07505

**HOCHBERG**, District Judge

    Plaintiff Brian N. Gilbert, an inmate confined at the Passaic County Jail in Paterson, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. Based upon his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that plaintiff's federal claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that defendant, Lisa Barrett, apparently a private citizen, assaulted him with a knife and stole a key and property from him.  It seems that Plaintiff instituted a suit(s) against Ms. Barrett in Paterson Municipal Court.  However, since he was in jail at the time of the court date(s), he was not taken to court to follow up on the suits, and the cases against Ms. Barrett were dismissed.

Plaintiff seeks to sue defendant Barrett for the assault and the thefts.  He also seeks to sue the City of Paterson because the municipal judge was biased against him in postponing and eventually dismissing the cases against defendant Barrett.

Plaintiff asserts that it was the city's job to take him to court to pursue his case against defendant Barrett. Plaintiff asks for monetary relief and other damages.[1]

## DISCUSSION

### A. Standard of Review

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

---

[1] Plaintiff states in his claim for relief: "I'm sick here also and can't get proper care." As this is the only mention of such a claim, the Court will not construe the instant complaint as asserting a medical claim.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.   42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

"Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment. See Mark, 51 F.3d at 1141 (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains. See Mark, 51 F.3d at 1141-42. "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'" Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

Applying these principles to the instant case, Plaintiff does not allege any facts indicating that defendant Lisa Barrett is a state actor or otherwise acted under color of state law. See DeShaney v. Winnebago County Dept. of Social Services, 489

U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors").  Because Plaintiff has failed to establish that defendant Barrett was a state actor or acted under color of state law, the Complaint will be dismissed as to this defendant for failure to state a claim upon which relief may be granted.

As to defendant City of Paterson, Plaintiff's claims will also be dismissed.[2]  In general, a prisoner has no right to be present in court on a civil action initiated by the prisoner that is unrelated to his conviction.  See Martin v. Potter, 635 F. Supp. 645, 646 (D.C.V.I. 1986)(citations omitted), aff'd 877 F.2d 56 (3d Cir. 1989).  Further, local government units are not liable under § 1983 solely on a theory of respondeat superior.

---

[2] To the extent that Plaintiff seeks to sue the Paterson municipal court judge, Plaintiff should be aware that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity.  See Mireles v. Waco, 502 U.S. 9 (1991).  A judge is not deprived of such immunity even for actions taken in error or in excess of judicial authority. See id. at 12-13; Stump v. Sparkman, 435 U.S. 349, 356 (1978). Furthermore, the Third Circuit has held that for purposes of judicial immunity, there is no distinction between judges of courts of limited and general jurisdiction.  See Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000)(holding that municipal judge was entitled to absolute immunity when judicial acts were taken in a matter over which judge had jurisdiction).

6

See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of).  Plaintiff has not demonstrated that the City of Paterson has any policy or custom, or committed any injury that rises to the level of municipal liability.

Finally, to the extent that Plaintiff seeks to assert state law claims against defendant Barrett, these claims will be dismissed.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss Plaintiff's potential state law claims without

7

prejudice to Plaintiff submitting these claims to the proper state court.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's federal claims will be dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).  Any potential state law claims will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).  The Court will file an appropriate Order.

                                              /s/ Faith S. Hochberg
                                                  FAITH S. HOCHBERG
                                        United States District Judge

DATED:   January 30, 2006